## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:09CR363 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION & |
| LISA CHAMBERS, | ) | ORDER |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is Defendant Lisa Chamber's ("Defendant")'s Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2 ), Amendment 750 to U.S.S.G. §2D1.1 of the U.S. Sentencing Guidelines Manual, and the U.S. Sentencing Commission's decision to retroactively apply Amendment 750 to certain offense levels for the illegal possession of crack cocaine. (Doc. No. 601.) The United States of America ("the Government") responded in opposition to Defendant's motion. (Doc. No. 604.) For the reasons set forth below, Defendant's motion is **DENIED**.

### I.     BACKGROUND

On October 29, 2009, Defendant pled guilty to a Count 1 of the indictment in which she was charged with conspiracy to possess with intent to distribute heroin, cocaine, and cocaine base ("crack cocaine")  in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). There is no dispute that based upon initial advisory guideline calculations, Defendant had a Criminal History Category VI and a total offense level 18, which, preliminarily, resulted in an advisory guideline range of 57 to 71 months. However, this analysis is incomplete, as Defendant was subject to a statutory mandatory minimum sentence of 120 months. Since the statutory minimum sentence of 120 months was greater than the maximum guideline sentence of 71 months, the statutory

mandatory minimum sentence of 120 months became the guideline sentence. U.S.S.G. §5G1.1(b); *United States v. Johnson*, 564 F.3d 538, 423 (6th Cir. 2009). Additionally, the Government moved for, and the Court granted, a 3- level departure to the guideline sentence for substantial assistance pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. §5K1.1, thus allowing the Court to sentence Defendant below the statutory mandatory minimum sentence. Defendant was sentenced to a term of imprisonment of 64 months.

Defendant moved this Court to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2), Amendment 750 to §2D1.1 of the U.S. Sentencing Guidelines Manual. (Doc. No. 601.) Defendant argues that new language in U.S.S.G. §1B1.10 clarifies that defendants who received cooperation based departures at the original sentencing, such as this Defendant, are eligible for sentence reductions, notwithstanding the mandatory minimum. Defendantsasks this Court to reduce her sentence to 24 months. The Government responds that Defendant's sentence should not be reduced since Amendment 750 did not lower the mandatory minimum guideline range applicable in this case and the filing of a substantial assistance motion does nothing to change this calculation.

## II. LAW AND ANALYSIS

### A. Statutory Background

A district court may resentence a defendant only as expressly provided by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Congress allows a district court to modify a term of imprisonment under § 3582(c) when the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

2

Sentencing Commission." Section 3582(c) additionally states that the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."

On June 30, 2011, the Sentencing Commission adopted Amendment 750 to the Drug Quantity Table in U.S.S.G. §2D1.1, which altered the offense levels applicable to crack cocaine offenses. U.S.S.G §1B1.10 was subsequently revised on November 1, 2011. Application Note 1(A) states that a reduction under § 3582(c)(2) is not authorized if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., *a statutory mandatory minimum term of imprisonment*)." U.S.S.G. § 1B1.10 cmt. n.1 (2011) (emphasis added). The Commission then added Amendment 750 to the list of amendments in U.S.S.G. §1B1.10(c) that will be applied retroactively, effective as of November 1, 2011.

This Court must determine whether Defendant's sentence was based on a sentencing range that has subsequently been modified by Amendment 750 and whether the proposed reduction is consistent with the Commission's guidelines and policy statements.

**B. Amendment 750 Does Not Lower Defendant's Guideline Range Because Defendant's Sentence Was Not "Based On" the Crack Guidelines**

As a matter of law, Amendment 750 has no effect on the statutory mandatory minimum applicable to Defendant. At sentencing, it is undisputed that Defendant faced a statutory mandatory minimum sentence of 120 months. The sentencing commission has no authority to alter statutory mandatory minimum penalties. *United States v. Carradine*, 621 F.3d 575 (6th Cir. 2010).[1] "Where a statutorily required minimum sentence is greater than the

---

[1] The Court recognizes that the Fair Sentencing Act of 2010 ("FSA") lowered the statutory mandatory minimum penalty for various crack cocaine offenses. That reduction, however, only applies to defendants sentenced on or after August 3, 2010, the date of enactment. *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010); *Dorsey v.*

3

maximum of the applicable guideline range, the statutorily required minimum shall be the guideline range." U.S.S.G. § 5G1.1(b). Further, § 3582(c)(2) and §1B1.10 do not permit a defendant seeking relief pursuant to a retroactive amendment to be placed in a better position than she would have been in had the crack amendment been in place at the time of the original sentencing. *United States v. Johnson*, 564 F.3d 419, 423-24 (6th Cir.), *cert. denied*, 130 S. Ct. 318 (2009).

Here, even if Amendment 750 had been in effect at the time of Defendant's sentencing, the starting point for Defendant's sentence would still have been the mandatory minimum, which remains greater than the maximum amended guideline range. *See e.g., United States v. McPherson*, 629 F.3d 609, 610 (6th Cir. 2011) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."); *United States v. Green*, 532 F.3d 538, 546 n. 8 (6th Cir. 2008) (retroactive amendment "cannot override any mandatory statutory minimum sentences set forth by Congress"). Following the Government's substantial assistance departure, the Court was permitted to depart below both the mandatory minimum and the guidelines range. As the Sixth Circuit held in *United States v. Hameed*, 614 F.3d 259, 268 (6th Cir. 2010), however, departures are appropriately measured from the statutory mandatory minimum. The new amendment does not affect this calculus. *See* U.S.S.G. §1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not

---

*United States*, 132 S. Ct. 2321 (2012). Courts addressing Amendment 750 to the Sentencing Guidelines uniformly agree that the mandatory minimum provisions remain applicable to defendants, such as Chambers, who were originally sentenced *before* August 3, 2010, such that the new mandatory minimum provisions of the FSA are inapplicable when determining a defendant's eligibility for a sentencing reduction under § 3582(c)(2). *See e.g., United States v. Ortiz-Vega*, 847 F. Supp. 2d 706 (E.D. Pa. 2012) (denying reduction under Amendment 750 where defendant was sentenced to mandatory minimum).

4

authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.").[2] Although the base offense level as calculated by §2D1.1 has been altered, the mandatory minimum has not been altered by any retroactive amendment. Accordingly, this Court lacks jurisdiction under § 3582(c)(2) to modify Defendant's sentence, and her motion is **DENIED**.[3]

**IT IS SO ORDERED**.

Dated: February 14, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] Application Note 3 to §1B1.10 is inapposite here, as that commentary applies to defendants granted substantial assistance departures who were *not* subject to mandatory minimum terms of imprisonment. *See e.g., United States v. Cannon*, Nos. 07-174-03, 07-181-01, 2011 WL 6258483, at *9 (E.D. Pa. Dec. 14, 2011). Here, however, it is undisputed that Defendant was subject to a mandatory minimum sentence and not an "amended guideline range."

[3] Defendant's reliance on *Freeman v. United States*, 131 S. Ct. 2685 (2011), is misplaced. Unlike in *Freeman*, Defendant here did not enter into a binding Rule 11(c)(1)(C) plea agreement with the Government, nor is there any language in defendant's non-binding Rule 11(c)(1)(B) plea agreement indicating she would be sentenced in accordance with a particular guideline range. Even if the parties did discuss the guidelines in reaching their agreement, this "does not empower the court under § 3582(c)(2) to reduce the term of imprisonment that is ultimately agreed upon." *Freeman*, 131 S. Ct. at 2697. Specifically, Justice Sotomayor recognized that the guidelines are the starting point for plea negotiations, for "plea bargaining necessarily occurs in the shadow of the sentencing scheme to which the defendant would otherwise be subject. The term of imprisonment imposed by the district court, however, is not 'based on' those background negotiations." *Id.* (citing United States v. Booker, 543 U.S. 220, 255 (2005)).